IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ABLE RADIO CORPORATION | § | CASE NO. 13-33105-H5-7 |
| ACE RADIO CORPORATION | § | CASE NO. 13-33107-H5-7 |
| Debtors | § | JUDGE BROWN |
| | § | Substantively Consolidated under: |
| | § | Case No. 13-33105-H5-7 |

### Trustee's Motion to Sell Property Free and Clear of All Liens, Claims and Encumbrances and Request for Approval of Auction Process

*********************************************************************

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may then consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**There will be a hearing on this motion on March 9, 2015 at 10:00 a.m. in Courtroom No. 403, 515 Rusk Avenue, Houston, Texas 77002.**

*********************************************************************

**TO THE HONORABLE KAREN BROWN, UNITED STATES BANKRUPTCY JUDGE:**

This Motion seeks approval for a sale of certain assets of this estate and seeks approval for an auction process.

## Jurisdiction and Venue

1. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §1334(b). Venue is proper pursuant to 28 U.S.C. §§1408 & 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) & (N).

## Background

2. On May 22, 2013, both Able Radio Corporation and Ace Radio Corporation (the "Debtors") filed Voluntary Petitions under Chapter 7 of the Bankruptcy Code. Rodney Tow was appointed Chapter 7 Trustee, in both cases, qualified, and continues to act in that capacity.

3. On September 5, 2013, this Court entered an Order Granting Motion for Joint Administration. On September 12, 2014, this Court entered an Order Granting Motion to Consolidate.

4. The Debtor, Able Radio, owns a permit known as the Aguila, AZ Construction Permit FCC Facility ID. No. 170953, FCC file No. BNPH-20070403ACO (the "Permit"). The Permit was valued on the Debtor's Schedules at $1,659,000.00.

5. The Trustee has received offers to purchase the Permit from Brian Brady and JMRW, LLC, both in the amount of $140,000.00 and believes with the right marketing he might attract additional bidders for the Permit.

6. On December 3, 2014, this Court entered an Order Authorizing Employment and Payment of the Proctor Group, Inc. at Docket No. 93. Mr. Proctor has prepared a DSC site coverage map for the Permit and has been aggressively marketing the Permit to potential bidders.

7. As there are already two bidders on the Permit and the potential for more interested parties, the Trustee has determined that an auction of the Permit is warranted. JMRW, LLC or its designee ("JMRW") and Brian Brady, each with an initial bid of $140,000.00, shall be designated as Qualified Bidders at the auction, so long as by the Bid Qualification Deadline, each provides a deposit in cash or cash equivalent to the Trustee in the amount of $100,000.00, and each provide evidence of the ability to close on a bid of at least $200,000.00. At the Auction, the Trustee will only accept additional bids in amounts of not less than $2,500 over the initial offer and in $2,500 increments thereafter. The Trustee shall determine bidding order at the auction in the exercise of his business judgment.

8. The Auction is currently scheduled for 1:00 p.m. on March 18, 2015.

9. In order to be a qualified bidder at the Auction, other potential bidders must submit an unconditional cash offer, wire a bidding deposit of $100,000 to the Trustee, and provide evidence of the ability to close on a bid of at least $200,000.00.

10. The Bid Qualification Deadline is 5:00 p.m. CST on March 11, 2015.

11. According to the Schedules filed by the Debtor, there are no secured creditors with an interest in the Permit and the Debtors only have one allowed creditor, Matinee Media.

12. The sale of the Permit will provide payment to the only creditor of these Estates.

13. The tax consequences to the estate cannot be determined until a final bid is accepted but it is unlikely that this sale will result in any income tax liability.

**The Initial Offer Received by the Trustee**

14. The initial purchase offer received by the Trustee was from JMRW in an offer to purchase all of the assets of the two Estates for one price. The Trustee declined that offer. A cash offer to purchase the Property was then received from Brian Brady in the amount of $140,000.00 (the "Brady Offer"). The Brady Offer is attached as Exhibit "A".

15. JMRW made a subsequent cash offer in the same amount as the Brady Offer, but it agreed to tender a deposit of $100,000 in cash prior to the sale (the "JMRW Offer"). The JMRW Offer has expired by its terms, but JMRW may become a Qualified Bidder as set forth above   The JMRW Offer is attached as Exhibit "B".

16. The Permit will be sold free and clear of all liens, claims, interests and encumbrances pursuant to 11 U.S.C. §363(f), on an "as is" basis.

17. The Trustee has agreed to accept JMRW  and Brian Brady's bids as a stalking horse bids.  The Trustee believes that these stalking horse bids will enhance the Trustee's ability to sell the Permit and will result in a higher bid price at auction as they demonstrate two willing purchasers in the amount of $140,000.00. The stalking horse bids will enhance the Trustee's ability to sell the assets because it establishes a floor for offers and allows the Trustee to file this motion at this time rather than at some later date. This bid will also result in a higher bid price at auction because it allows the Permit to be sold now while it is at a maximum value.

**An Auction is Expected**

18. The two current bids indicate that there is a very strong likelihood of an auction. In fact, Mr. Proctor is currently marketing the Permit with prospective bidders regarding the initial topping bid requirements and the bidding requirements at the auction.

19. *The Trustee reserves the right to alter the terms of the sale and/or the auction until the order approving the auction has been signed. If you want to know about any changes you MUST attend the hearing to approve the auction process. These changes may be made with no additional notice of the change. If you are concerned about the terms of the sale or auction, you must appear at the hearing set by the Court for the approval of the auction process.   You will receive notice of that hearing.*

20. The conditions of the sale are summarized as follows:

    a.  Unless agreed in writing by the Trustee, each bidder will enter into the same agreement to purchase the Permit as currently offered by JMRW and/or Brian Bradyand the sale will be free and clear as allowed in 11 U.S.C. §363. Bidders and the Trustee may vary the terms of each agreement to purchase the Permit, however, any changes may affect the Trustee's determination regarding the highest and best bid.

    b.  The Trustee reserves the right to stop bidding for a break or to allow bidders to consult with their advisors or companies to determine a bid price. There is neither a limit on the number of times that the Trustee can stop bidding for these purposes nor is the Trustee required to stop bidding for these purposes.

    c.    At closing, all funds will be paid to the Trustee pending distribution authorized by the Court.

    d.    A bill of sale or any other necessary document will be used to convey the Permit.

    e.    No commission will be paid by the estate.

    f.    Bidding will only be accepted in a minimum of $2,500 increments over the initial offers of $140,000.00.

### Miscellaneous Provisions

21.    The Trustee believes the sale is in the best interest of the estate because it is the fastest and easiest way to sell the Permit and will provide the estate with the best recovery.

22.    Information regarding the Permit can be obtained by contacting the Trustee, Rodney Tow, 26219 Oak Ridge Drive, The Woodlands, Texas 77380; (281)681-9100, rtow@towkoenig.com.

23.    Objections and requests for hearing before the Bankruptcy Judge, if any, as to the above sale, shall be in writing and filed with the clerk of the Bankruptcy Court and served upon the Trustee. Any objections not timely filed and served may be deemed waived.

24.    It is anticipated that other offers will be received. Therefore, the Trustee requests that an auction process be approved so that the assets can be sold on the same day of the hearing, at auction, if necessary.

### The Auction Process

25.    The Trustee requests that the Court approve the following auction process:

    a.    The Permit will be sold to the highest and best bidder as determined by the Trustee and approved by the Court.

b.  The Auction will be held at 1:00 p.m. on March 18, 2015.  Bidders may participate in person or by telephone.

c.  The Permit will be sold where is and as is with all faults.  Each bidder will be deemed to accept the Permit in that condition.

d.  The initial competing offer must exceed the JMRW and Brian Brady offers by at least $2,500.00.  Subsequent bidding will be in increments of $2,500.00 or more.  All bids will be calculated to account for net proceeds to the estate, i.e. bids will be adjusted to show net amount after other expenses as the Trustee deems necessary.

e.  Bids may contain conditions acceptable to the Trustee.

f.  Bidders must advise the Trustee in writing that they accept the terms and conditions of the auction process as set out in this motion, any motion filed by the Trustee to approve the auction process, and any requirements established by the Bankruptcy Court.

g.  All bids will be binding until the Trustee has closed the sale of the Property.  The Trustee will request the Court to prioritize the bids beginning with the highest and best bid and continuing down until each bid has been prioritized.  The Trustee will request the Court to authorize him to close the sale with each bidder in the order of priority set out by the Court.  In the event the highest and best bid fails to timely close, the Trustee will be authorized to close the sale with other bidders in the order of the priority set out by the Court.  The Trustee is authorized to extend the time for closing of any bid.

  h.  Any bidder that fails to close within five days after being notified by the Trustee that its bid is accepted shall forfeit its right to purchase the Permit and will forfeit $25,000.00 of its $100,000.00 deposit.

  i.  Bidders may not withdraw bids after the bidding process has begun.

  j.  The Trustee shall notify the Court and all other bidders if the highest and best bidder fails to close and that the next highest bid is accepted. The Closing Date shall be within five days from the date of filing the notification or as extended by the Trustee.

26. The Trustee requests that the bidders be determined to be in good faith as that term is used in 11 U.S.C. §363(m) so bidders may close within ten days from the entry of the order approving the sale.

  **WHEREFORE, PREMISES CONSIDERED**, Rodney Tow, Trustee, moves this Court to grant this Motion to Sell Property Free and Clear of All Liens, Claims and Encumbrances and Request for Approval of Auction Process, that the sale be free and clear of all liens, claims and encumbrances, and for such other and further relief that he may be justly entitled.

  Respectfully submitted the 16th day of February, 2015.

              **COOPER & SCULLY, PC.**
              By: _/s/ Julie M. Koenig_
                Julie M. Koenig
                SBA# 14217300
                Fed Id# 10396
                815 Walker, Ste. 1040
                Houston, Texas 77002
                713/236-6800 (Telephone)
                713/236-6880 (Telecopier)
                Julie.Koenig@coopersculy.com

              Attorneys for the Trustee

## Certificate of Service

      I hereby certify that a true and correct copy of the foregoing has been served on all of the parties on the attached service list, including parties requesting notice, via either ECF Notification or by first class mail, proper postage affixed, on the 16th day of February, 2015.

                                                      /s/   Julie M. Koenig
                                                      Julie M. Koenig

```
Label Matrix for local noticing        Able Radio Corporation              Ace Radio Corporation
0541-4                                  c/o Stephen M. Hackerman            c/o Stephen M. Hackerman
Case 13-33105                           4203 Montrose, Suite 600            4203 Montrose, Suite 600
Southern District of Texas              Houston, TX 77006-5474              Houston, TX 77006-5474
Houston
Mon Feb 16 12:59:51 CST 2015

Harris County                           Matinee Media Corporation           Wiley Rein, LLP
c/o John P. Dillman                     c/o Kell C. Mercer                  1776 K Street NW
Post Office Box 3064                    Husch Blackwell LLP                 Washington, DC 20006-2304
Houston, TX 77253-3064                  111 Congress Avenue
                                        Suite 1400
                                        Austin, TX 78701-4093

4                                       (p)INTERNAL REVENUE SERVICE         Matinee Media Corporation
United States Bankruptcy Court          CENTRALIZED INSOLVENCY OPERATIONS   2764 Pharmacy Road
PO Box 61010                            PO BOX 7346                         Rio Grande City, TX 78582-6201
Houston, TX 77208-1010                  PHILADELPHIA PA 19101-7346


Ray H. Rosenblum                        Spectrum Radio Company              Stephen M. Hackerman
P.O. Box 38296                          c/o Mark Taylor                     4203 Montrose, Suite 600
Pittsburgh PA 15238-8296                100 congress 18th floor             Houston, Tx 77006-5474
                                        Austin, Tx 78701-4042


US Trustee                              Wiley Rein LLP                      Barnet B Skelton Jr
Office of the US Trustee                Attn: Mark Lipp                     Attorney at Law
515 Rusk Ave                            1776 K Street NW                    712 Main St
Ste 3516                                Washington,DC 20006-2304            Ste 1705
Houston, TX 77002-2604                                                      Houston, TX 77002-3204


Julie Koenig                            Rodney D Tow                        William G West
Cooper & Scully, PC                     Rodney Tow, PLLC                    William G West PC CPA
815 Walker, Suite 1040                  26219 Oak Ridge Drive               12345 Jones Road
Houston, TX 77002-5776                  The Woodlands, TX 77380-1960        Ste 120
                                                                            Houston, TX 77070-4958
```

           The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
           by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


```
Internal Revenue Service
Insolvency Group
1919 Smith Street
STOP 5022 HOU
Houston, Tx 77002
```


           The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


```
(u)JMRW, LLC                            (u)Spectrum Radio Company           (u)Tow & Koenig PLLC
c/o Mark C. Taylor                      c/o Mark C. Taylor
```

```
(d)Ace Radio Corporation          (d)Matinee Media Corporation         (u)Ray H. Rosenblum
c/o Stephen M. Hackerman          c/o Kell C. Mercer
4203 Montrose, Suite 600          Husch Blackwell LLP
Houston, TX 77006-5474            111 Congress Ave., Suite 1400
                                  Austin, TX 78701-4093


End of Label Matrix
Mailable recipients    17
Bypassed recipients     6
Total                  23
```

```
Label Matrix for local noticing        Ace Radio Corporation              Matinee Media Corporation
0541-4                                  c/o Stephen M. Hackerman           c/o Kell C. Mercer
Case 13-33107                           4203 Montrose, Suite 600            Husch Blackwell LLP
Southern District of Texas              Houston, TX 77006-5474              111 Congress Avenue
Houston                                                                    Suite 1400
Mon Feb 16 13:00:49 CST 2015                                               Austin, TX 78701-4093

4                                       US Trustee                         Barnet B Skelton Jr
United States Bankruptcy Court          Office of the US Trustee           Attorney at Law
PO Box 61010                            515 Rusk Ave                       712 Main St
Houston, TX 77208-1010                  Ste 3516                           Ste 1705
                                        Houston, TX 77002-2604             Houston, TX 77002-3204


Rodney D Tow
Rodney Tow, PLLC
26219 Oak Ridge Drive
The Woodlands, TX 77380-1960
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Spectrum Radio Company               (d)Matinee Media Corporation        End of Label Matrix
c/o Mark C. Taylor                      c/o Kell C. Mercer                  Mailable recipients     6
                                        Husch Blackwell LLP                 Bypassed recipients     2
                                        111 Congress Ave., Suite 1400       Total                   8
                                        Austin, TX 78701-4093
```